UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROCHESTER-GENESEE REGIONAL
TRANSPORTATION AUTHORITY,

                                        Petitioner,

     vs.

BRIGID HYNES-CHERIN, as Regional Administrator
for Region II of the Federal Transit Administration,

                                        Respondent,

     and

UNITED FOOD AND COMMERCIAL WORKERS
DISTRICT LOCAL ONE, and LAIDLAW TRANSIT,
INC., doing business as Laidlaw Education Services,

                                        Intervenors.                      DECISION & ORDER

                                                                             07-CV-6378L
_____

ROCHESTER CITY SCHOOL DISTRICT,

                                        Petitioner-Intervenor,

     vs.

BRIGID HYNES-CHERIN, as Regional Administrator
for Region II of the Federal Transit Administration,

                                          Respondent,

     and

UNITED FOOD AND COMMERCIAL WORKERS
DISTRICT LOCAL ONE, and LAIDLAW TRANSIT,
INC., doing business as Laidlaw Education Services,

                                        Intervenors.
_____

Petitioner Rochester-Genesee Regional Transportation Authority's motion for summary judgment (Dkt. #118), and intervenor Rochester City School District's Petition for Judicial Review (Dkt. #44) and its motion for summary judgment (Dkt. #122) are granted in part and denied in part. The Court finds that respondent Federal Transit Administration's October 12, 2007 decision is contrary to law and must be set aside pursuant to 5 U.S.C. § 706(2). This includes any decision by the Agency to impose monetary sanctions. In all other respects, those motions are denied as moot.

Respondent Federal Transit Administration's motion for summary judgment (Dkt. #113) and motions to strike (Dkt. #99 and #132) are denied.

Intervenor Laidlaw Transit, Inc.'s motion to strike (Dkt. #102), and Laidlaw Transit, Inc.'s and United Food and Commercial Workers District Local One's motion to strike (Dkt. #133), are denied.

The Court's previously entered stay, as modified, of the FTA's decision of July 30, 2007, is hereby extended until March 24, 2008 to afford RGRTA time to implement the service discussed in the FTA's October 12, 2007 decision (the Express Service).

The Clerk of the Court is hereby directed to enter final judgment in this case in favor of petitioner Rochester-Genesee Regional Transportation Authority, setting aside the October 12, 2007 decision of respondent Federal Transit Administration, for the reasons set forth in my Decision and Order of January 24, 2008 (Dkt. #151).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 14, 2008.